[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jan M. Weinberg, has filed (#129) an amended motion to disqualify the law firm retained by First County Bank (formerly Stamford Savings Bank), the defendant in this action, on the theory that the law firm, Wofsey, Rosen, Kweskin and Kuriansky (Wofsey Rosen), formerly represented him "in matters substantially similar to those in the instant case." As a result of this prior representation, the plaintiff contends that Wofsey Rosen obtained "confidential information regarding his business practices" which could be used by that law firm "to harm [him] in the prosecution of this case."
The present action involves the plaintiff's claim that the defendant breached a number of agreements arising out of the settlement in 1991 of a foreclosure action (CV90113437) brought against the plaintiff by the defendant. A hearing held on the motion to disqualify revealed that Wofsey Rosen did not represent the plaintiff in connection with either the foreclosure action or its settlement. However, the evidence did disclose that an attorney Richard Stein, an associate with Wofsey Rosen from 1982 to 1987, did represent the plaintiff during those years. When Stein left the firm in 1987 he took the plaintiff's business and files with him, and no other attorney at Wofsey Rosen thereafter represented the plaintiff. Stein represented the plaintiff on various corporate and estate planning matters, including reviewing various mortgages, but did not represent the plaintiff in connection with the underlying foreclosure action by First County Bank, which commenced about three years after Stein left the law firm's employ, and about two years after he ceased performing any legal work for the plaintiff. Even during the years that Stein worked for Wofsey Rosen, the firm's time records and testimony reflect that no other attorney in that firm ever worked on matters involving the plaintiff.
The disposition of this motion to disqualify is governed by rule 1.9 of the Rules of Professional Conduct. Bergeron v.Mackler, 225 Conn. 391, 398, 623 A.2d 489 (1993), summarizes our Connecticut law regarding disqualification of attorneys for a purported conflict of interest.
 Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states that: A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former CT Page 4395 client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
(Internal quotation marks and citations omitted.)
 "Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation. . . . This test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same . . . . Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed."
 (Citations omitted, internal quotation marks omitted.) Bergeron v. Mackler, supra, 225 Conn. 398-99.
Based on the facts developed at the hearing of the motion to disqualify, the court concludes that there has been no showing by the plaintiff of a substantial relationship between the law firm's prior representation of the plaintiff by Attorney Stein and this litigation, which concerns a transaction in which neither Stein nor Wofsey Rosen played any role. As was said inBergeron v. Mackler, supra, 225 Conn. 400, "[t]he standards for attorney disqualification are directed at protecting client confidences. They may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings."
Thus, the plaintiff's motion to disqualify Wofsey Rosen is denied.
So Ordered.
William B. Lewis, Judge CT Page 4396